IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUNA I. WHITE,<br>1227 Benning Road, Apt. 2<br>Capital Heights, Maryland 20743<br><br>Plaintiff,<br><br>v.<br><br>HENRY M. PAULSON, JR.,<br>Secretary of the Treasury,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action to redress Defendant's discrimination against Plaintiff because of her race and gender under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and for acts of reprisal for her having filed an informal EEO complaint. Plaintiff, during the period of time covered by this Complaint, was an employee of the Office of the Comptroller of the Currency (the "Agency" or "OCC"), Washington, D.C., a bureau of the United States Department of the Treasury.

## JURISDICTION

2. This court has jurisdiction under 28 U.S.C. § 1331 because this matter arises under the laws of the United States, under 28 U.S.C. § 1343(a)(4) for damages and equitable relief under an Act of Congress providing for the protection of civil rights, under 42 U.S.C. § 2000e-5(f)(3) for actions brought under the Civil Rights Act of 1964, and under 5 U.S.C. § 7702, when, after 180 days from the date of filing a petition with the Equal Employment Opportunity Commission, there has been no decision by the Commission.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely EEO complaint with the Agency, filed a Formal Complaint with the Agency, and requested an administrative hearing with the Equal Employment Opportunity Commission ("EEOC").  More than 180 days have elapsed since Plaintiff requested an administrative hearing with the EEOC, in September 2006.  An Acknowledgment and Order was issued by the EEOC on December 5, 2006.  The Agency filed a Motion for Summary Judgment with the EEOC on July 25, 2007.  Plaintiff filed her Opposition on September 14, 2007.

## VENUE

4. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(e)(1), and 42 U.S.C. § 2000e-5(f)(3).  Defendant is an agency of the United States with its principal headquarters in the District of Columbia.

## PARTIES

5. Plaintiff, Shauna I. White, resides in Capital Heights, Maryland.  She was employed by the OCC at its headquarters, 250 E Street, S.W., Washington, D.C. 20219, during the time period of the events described in this Complaint.  Henry M. Paulson, Jr., 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220, is the Secretary of the Treasury.

## FACTS

6. Plaintiff, an African-American female, was employed by the OCC from May, 2000 until May, 2007.

7. Plaintiff, beginning in 2004, held the position of HR Program Coordinator, NB-04, in the Agency's human resources division.  In July, 2004, Plaintiff was designated as the Agency's Awards Coordinator, responsible for the awards program.

8. Prior to leaving on maternity leave, Plaintiff and her immediate supervisor discussed upgrading Plaintiff's job responsibilities to justify a possible promotion to the NB-5 level.

9. In the spring, 2005, Plaintiff sought permission from the Agency for maternity leave lasting approximately six months. This request was granted.

10. Following Plaintiff's announcement that she would be leaving on approved maternity leave, she was asked by her immediate supervisor to train her temporary replacement, Ms. Teresa Hockaday, in running the awards program.

11. Plaintiff, as part of her efforts to train Ms. Hockaday, her temporary replacement, created a working job aid manual. In addition, Plaintiff developed a training/reference aid to facilitate her training.

12. Plaintiff's last day in the office was May 25, 2005.

13. During the period of Plaintiff's maternity leave, she responded to requests for assistance from Ms. Hockaday.

14. On October 3, 2005, when Plaintiff returned to work from maternity leave, she was prevented from resuming her job, and was assigned menial tasks instead. She was not permitted to resume her functions with respect to the awards program. Plaintiff was told that her replacement, Ms. Hockaday, would, instead, continue to handle those responsibilities.

15. On October 3, 2005, when Plaintiff returned to work, she was provided neither a place to work nor work to do. Her personal effects had been packed away, and her former assigned work station was occupied.

16. Plaintiff approached Ms. Hockaday, and offered to assist her in the awards functions

for which Plaintiff had trained her. Ms. Hockaday replied that she had been instructed by the Agency not to permit Plaintiff to assist her in the awards function; Ms. Hockaday, therefore, was unable to give Plaintiff any work.

17. As a result, Plaintiff requested a meeting with a Deputy Comptroller of the Comptroller, who informed her that she, Plaintiff, was not a "proper fit" for managing the awards program, and that she could best serve as an HR Assistant, which is a position in the 203 series, which is considered a downgrade in prestige but not in pay grade from the 201 series Plaintiff had occupied at the time of her departure for maternity leave.

18. The Agency, in addition, informed Plaintiff that Ms. Hockaday, in the short time that the latter filled Plaintiff's position, was a better fit and that she would continue to manage the awards program.

19. The Agency offered to transfer Plaintiff to an HR Assistant position. When Plaintiff reiterated her lack of interest in a position she viewed as inferior, the Agency informed her that she should look for another position either outside the HR Division, or outside the Agency altogether.

20. Subsequently, Plaintiff was offered the type of assistance often provided for employees whose jobs have been abolished.

21. Plaintiff first sought counseling when she visited the agency's EEO office on October 11, 2005.

22. A representative of the Agency's EEO office informed Plaintiff that she had two choices. She could file an informal EEO complaint within 45 days, or participate in the agency's ADR program. In addition, Plaintiff was advised that the EEO complaint process is "longer, more adversarial and that I must be sure."

23. The Agency's EEO office misled the Plaintiff about the 45-day time limit for filing an informal complaint, telling her that if she chooses mediation, she would "still have the option to change and go EEO." The EEO office also told Plaintiff that if, through the ADR process, she discovers facts which reinforce her conclusion that she was discriminated against, "it can be recognized later," because an EEO complaint "is always open if the mediation does not" work.

24. Plaintiff chose to participate in the Agency's ADR program in November and December, 2005. The attempt at mediation was unsuccessful.

25. On December 2, 2005, Plaintiff learned that she had not been selected for the position of Program Analyst, Series 343, NB IV-V, for which she had applied several weeks earlier. This position is essentially the same job Plaintiff had been performing at the time she left on maternity leave in May, 2005.

26. The Agency chose Ms. Hockaday, who was less qualified than Plaintiff, for this position. When it filled this new position, the Agency abolished the position formerly held by Plaintiff, HR Coordinator, at the time she left on maternity leave.

27. One of the factors considered by the OCC's decision maker when she chose Ms. Hockaday over Plaintiff were that the results they achieved running the awards program "were very different," and redounded to Ms. Hockaday's benefit.

28. The Agency's decision maker failed to consult Plaintiff's immediate supervisor, who had supervised both Ms. Hockaday and the Plaintiff performing the same function. In the supervisor's opinion, Plaintiff's performance was superior to that of Ms. Hockaday.

29. On December 15, 2005, following the conclusion of ADR, Plaintiff visited the Agency's EEO office and reiterated that she would be filing an informal EEO complaint

based on the OCC's preventing her from resuming her job duties following her return from maternity leave, as well as on her non-selection for the Program Analyst position, which, in effect, is her old job.

30. Plaintiff, who is African-American, is a 1998 graduate of Florida State University, Tallahassee, Florida, with a Bachelor of Science Degree in Human Resource Management. Ms. Hockaday, the selectee, who is white, is a 1980 graduate of Spotsylvania High School, Spotsylvania, Virginia, and did not attend college.

31. During Plaintiff's October 3, 2005 meeting with the Deputy Comptroller, Plaintiff was informed of the planned posting of the new Program Analyst position, but was informed that "You would never be considered for this job."

32. During the unsuccessful ADR sessions, Plaintiff was offered, and rejected, the position of HR Assistant for relocation, Series 203.

33. Following the unsuccessful conclusion of ADR, and following Plaintiff's filing of an informal EEO complaint on December 15, 2005, she was assigned, against her will, to the position of HR Assistant, Series 203, NB IV, effective March 6, 2006. The duties and responsibilities of this position were similar to those of the HR Assistant position which Plaintiff had rejected during the ADR sessions.

34. The relevant Agency officials were aware, both when they failed to select Plaintiff for the position of Program Analyst, and when they assigned her to the HR Assistant position, in March, 2006, that Plaintiff had filed the instant informal EEO complaint, and had participated in the Agency's ADR program.

CLAIMS

35. All of the allegations contained in paragraphs 1-34 are incorporated herein as if set

forth verbatim.

36.  Defendant's actions in preventing Plaintiff's from resuming the tasks she was performing as HR Program Coordinator upon her return from approved maternity leave, in October, 2005, constitute discrimination based on gender, in violation of the Pregnancy Discrimination Act of 1978.

37.  Defendant's non-selection of Plaintiff for the position of Program Analyst, Series 343, NB IV-V, on December 2, 2005, constitutes discrimination based on race, in violation of the Civil Rights Act of 1964, and is, as well, evidence of reprisal for Plaintiff's engaging in informal EEO counseling on October 11, 2005, and for her participation in the Agency's ADR program.

38.  The Agency's action in placing Plaintiff in the position of HR Assistant, Series 203, NB IV, effective March 6, 2006, constitutes reprisal based on Plaintiff's engaging in informal EEO counseling on October 11, 2005, December 15, 2005, and her participation in the Agency ADR program.

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Accept jurisdiction of this case.

2.  Grant Plaintiff a trial by jury on all issues so triable.

3.  Declare that Plaintiff has suffered acts of discrimination at the hands of defendant based on her race, gender and reprisal.

4.  Award Compensatory and damages for intentional discrimination under the Civil Rights Act of 1991.

5.  Award reasonable attorney's fees and all other relief to which Plaintiff may be entitled.

>   Respectfully submitted,
>
>   _____
>   Larry J. Stein, Bar No. 397397
>   2009 N. 14th Street, Suite 708
>   Arlington, VA 22201
>   703/812-7880
>   703/522-1250 Fax
>   Attorney for Plaintiff

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS
Shauna I. White

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Larry J. Stein
2009 N. 14th Street, Suite 708
Arlington, Virginia 22201
703 812-7880

### DEFENDANTS
Henry M. Paulson, Jr., Secretary of the Treasury

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ⊠ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**  OR  ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ● H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000e-5, 42 U.S.C. 2000e(k) Plaintiff had her job responsibilities removed upon her return from maternity leave; non-selection; reprisal.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23 ☐  DEMAND $ 300,000  Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE: March 3, 2008  SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES. This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT. The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.