UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUNA I. WHITE )<br>　　　Plaintiff, )<br> )<br>　　　v. )<br> )<br>HENRY M. PAULSON, JR., )<br>Secretary of the Treasury )<br> )<br>　　　Defendant. )<br>_____ ) | Civil Action No. 08-0382 (RJL)<br>ECF |

# ANSWER

Defendant, Henry M. Paulson, Jr., in his official capacity as Secretary of the United States Department of the Treasury ("Defendant"), by and through undersigned counsel, hereby answers the Complaint filed in the above-styled action as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's Complaint alleges actions and issues not timely brought to an Equal Employment Opportunity ("EEO") counselor, these claims are barred because the Plaintiff failed to appropriately exhaust administrative remedies. Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further answers Plaintiff's Complaint by responding to the numbered paragraphs of the Complaint by denying the allegations contained therein, except as expressly admitted, as follows:

1. Paragraph one is Plaintiff Shauna White's ("Plaintiff") statement regarding the nature of the Complaint, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendant admits that Plaintiff was an employee of the Office of the Comptroller of the Currency (the "Agency" or "OCC"), Washington, D.C., a bureau of the United States Department of the Treasury, at its headquarters, from February, 2002 until May, 2007. To the extent this paragraph alleges discrimination or other wrongdoing on Defendant's part, Defendant denies.

2. Paragraph two is Plaintiff's statement regarding this Court's jurisdiction to hear her claim, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendant denies.

3. The first and second sentences of paragraph three contain Plaintiff's legal conclusion that she has satisfied all jurisdictional prerequisites to the institution of this action, a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant denies the first and second sentences of paragraph three. Defendant admits the remainder of paragraph three.

4.     Paragraph four is Plaintiff's statement of jurisdiction over this action, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendant admits that Defendant is an agency of the United States with its principal headquarters in the District of Columbia.

5.     The first sentence of paragraph five purports to identify Plaintiff's current state of residence. Defendant is without knowledge or information sufficient to admit or deny this statement. Regarding sentence two, Defendant admits that Plaintiff was employed by the OCC at its headquarters from February, 2002 until May, 2007 and that Henry M. Paulson, Jr. is the Secretary of the United States Department of the Treasury, but denies the reminder of sentence two of paragraph five.

6.     Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint.

7.     Defendant admits that Plaintiff held the position of HR Program Coordinator, NB-IV, in 2004. Defendant denies the remainder of paragraph seven.

8.     Defendant denies the allegations in paragraph eight.

9.     Defendant admits the allegations in paragraph nine.

10.    Defendant denies the allegations in paragraph ten.

11.    Defendant denies the allegations in paragraph 11.

12.    Defendant admits the allegation in paragraph 12.

13.    Defendant denies the allegations in paragraph 13.

14.    Defendant admits that Plaintiff returned to work on October 3, 2005 from maternity leave. Defendant denies the remainder of paragraph 14.

15. Defendant admits that Plaintiff returned to work on October 3, 2005 and admits that her work station had been relocated. Defendant denies the reminder of paragraph 15.

16. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 16.

17. Defendant admits that OCC job classification series 203 and 201 are at the same pay grade. Defendant denies the reminder of paragraph 17.

18. Defendant admits that Plaintiff was informed that Ms. Hockaday would continue to coordinate the awards program in order to complete a six month detail that Ms. Hockaday began in late May, 2005. Defendant denies the reminder of paragraph 18.

19. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that Plaintiff visited the Agency's Workplace Fairness and Alternative Resolutions (now called Workplace Fairness and Equal Opportunity, or "WFEO") office on or about October 11, 2005. Defendant denies the remainder of paragraph 21.

22. Defendant admits that a representative of the Agency's WFEO office met with Plaintiff. Defendant denies the remainder of paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits that Plaintiff signed an agreement to participate in the Agency's Fair Alternatives and Innovative Resolutions process, an alternative dispute resolution process, in October 2005. Defendant denies the remainder of paragraph 24.

25. Defendant admits that Plaintiff applied and was not selected for the position of Program Analyst, NB-0343-IV. Defendant denies the remainder of paragraph 25.

26. Defendant admits that Teresa Hockaday was selected for the position of Program Analyst, NB-0343-IV, Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that one of the factors considered by the Agency's decision maker was the decision maker's observations of Plaintiff's performance and Ms. Hockaday's performance in administering the awards program. Defendant denies the remainder of paragraph 27.

28. Defendant admits that the Agency's decision maker did not consult the Plaintiff's former immediate supervisor when making the selection decision for the position of Program Analyst, NB-0343-IV. Defendant denies the remainder of paragraph 28.

29. Defendant admits that Plaintiff visited the Agency's EEO office on or about December 16, 2006. Defendant denies the reminder of paragraph 29.

30. Defendant admits the allegations in paragraph 30.

31. Defendant admits that Plaintiff met with Deputy Comptroller, Cynthia Petitt, in early October, 2005. Defendant denies the remainder of paragraph 31.

32. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 32.

33. Defendant admits that Plaintiff was assigned to the HR Assistant position, NB-203-IV, on March 6, 2006, following the conclusion of the Agency's FAIR ADR

process and after Plaintiff first filed an informal EEO complaint on December 16, 2005. Defendant denies the remaining allegations of the first sentence of paragraph 33. Defendant is without knowledge or information sufficient to admit or deny the allegations of the second sentence of paragraph 33.

34. Defendant admits that the selecting official was aware that Plaintiff filed an informal EEO complaint on December 16, 2005 and that Plaintiff participated in the Agency's FAIR ADR process when Plaintiff was assigned to the position of HR Assistant in March, 2006. Defendant denies the remaining allegations in paragraph 34.

35. Defendant incorporates by reference each and every response stated in the response to Paragraphs 1 through 34 as if fully stated herein.

36. Defendant denies the allegations in paragraph 36 except to admit that Plaintiff returned to work on October 3, 2005 from maternity leave.

37. Defendant denies the allegations in paragraph 37 except to admit that Plaintiff was not selected for the position of Program Analyst, Series 343, NB IV-V.

38. Defendant denies the allegations in paragraph 38 except to admit that Plaintiff was assigned to the position of HR Assistant, Series 203 NB IV.

The remainder of Plaintiff's Complaint is Plaintiff's prayer for relief to which no answer is required. To the extent that an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover costs in this action, and for such other relief as may be appropriate.

Dated: July 11, 2008

                                              Respectfully submitted,

                                              _/s/_____
                                              JEFFREY A. TAYLOR, D.C. Bar #498610
                                              United States Attorney

                                              _/s/_____
                                              RUDOLPH CONTRERAS, D.C. BAR #434122
                                              Assistant United States Attorney

                                              _/s/_____
                                              MEGAN M. WEIS
                                              Special Assistant U.S. Attorney
                                              United States Attorney's Office
                                              Civil Division
                                              555 4th Street, NW
                                              Washington, D.C. 20530

Of Counsel:
Neil M. Robinson, Counsel
Office of the Comptroller of the Currency
250 E Street, SW
Washington, D.C. 20219