UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAUNA I. WHITE,           )
                           )
    Plaintiff,             )
                           )
        v.                 )  Civil Case No. 08cv382 (RJL)
                           )
TIMOTHY F. GEITHNER,       )
                           )
    Defendant.             )

MEMORANDUM OPINION
(March _11_, 2009) [# 9]

The plaintiff, Shauna I. White, brings this action against her former employer, Timothy F. Geithner, Secretary of the Treasury,[1] alleging discrimination on the basis of race, sex, pregnancy, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). The Secretary filed a motion for partial dismissal alleging White failed to exhaust her administrative remedies for her pregnancy-discrimination claim. The Court agrees and GRANTS the Secretary's motion.

BACKGROUND

White was a human resources coordinator at the Office of the Comptroller of the Currency at the Department of the Treasury from May 2000 until May 2007. (Compl. at

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold office, the court will automatically substitute that officer's successor. Accordingly, the Court substitutes Timothy F. Geithner for Henry M. Paulson, Jr.

1–2.) She alleges that when she returned from maternity leave on October 3, 2005, her belongings had been packed up and she was stripped of both her responsibilities and her work station. Eight days later, on October 11, 2005, White met with the agency's EEO representative, Laurie Cymbor (Cymbor), to discuss this turn of events. Cymbor explained to White that if she felt she was being discriminated against, she could file an informal EEO complaint within 45 days of the alleged discrimination or she could participate in the agency's alternative dispute resolution program. White further alleges that Cymbor explained that if she participated in the alternative dispute resolution program, she could later file an EEO complaint. (Pl. Opp. at 3.)

Indeed, White's notes, taken the same day, do indicate White believed pursuing mediation would not preclude her from later pursuing an EEO claim. (Pl. Ex. 4 at ¶ 9 & Pl. Ex. 3.) The notes do not, however, indicate Cymbor told White she could pursue mediation and later pursue an EEO claim if she had not filed within the 45-day deadline. Additionally, White offers a journal entry indicating that she understood that by contacting EEO she was beginning a process of alleging discrimination that could result in a lawsuit. (Pl. Opp. at 10; Pl. Ex. 4.)

In any event, when White alternatively chose to participate in the agency's dispute resolution program, she received a memorandum stating that she could also pursue "an informal complaint or grievance, *provided that [she] initiate an action within the appropriate time frame.*" (Def. Ex. 4 at 1 (emphasis added).) The mediation agreement

also stated White *must* request EEO counseling within 45 calendar days of the alleged discrimination. Indeed, White placed her initials next to this paragraph in the mediation agreement. (Def. Ex. 6 at 3.) *See* 29 C.F.R. § 1614.105(a)(1) (establishing the 45-day deadline).

After an unsuccessful mediation, White filed an informal EEO complaint on December 16, 2005, (*see* Def. Ex.11 at 1), almost one month after the 45-day deadline to file a complaint for discrimination based on the incidents of October 3, 2005. White filed a formal EEO complaint of discrimination on March 7, 2006, in which she alleged discrimination on multiple grounds, including pregnancy discrimination based on the actions of October 3, 2005. (Def. Ex. 6.) In a letter, the agency agreed to investigate some of White's discrimination claims, but dismissed her pregnancy-based claim for a failure to file within the deadline.[2] (Def. Ex. 7 at 1–2.) On March 3, 2008, White filed the instant suit in this Court alleging discrimination on the basis of race, disability, sex, pregnancy, and retaliation.[3] (*See* Compl.)

---

[2]The agency further explained in the letter that the alleged pregnancy discrimination occurred on October 3, 2005, and that White elected to use the agency's mediation process before initiating counseling on December 16, 2005. (Def. Ex. 7 at 2.) The agency also explained White was aware of the deadlines, as indicated by her signing of the agency's form stipulating the specific time frames for initiating EEO counseling and filing an administrative grievance. (*Id.*)

[3]The agency's motion involves only White's pregnancy-discrimination claim. Therefore, the Court does not address White's other claims. (Def.'s Mot. for Partial Summ. J. at 1.)

## ANALYSIS

A plaintiff must have exhausted her administrative remedies, including the timely filing of an EEO complaint, in order to survive a motion to dismiss. *See Gillet v. King*, 931 F. Supp. 9, 12 (D.D.C. 1996) ("It is axiomatic that a plaintiff must exhaust his administrative remedies prior to instituting a Title VII judicial action against a federal agency."); *Bowden v. United States*, 106 F. 3d 433, 437 (D.C. Cir. 1997) ("Complainants must timely exhaust . . . administrative remedies before bringing their claims to court."). Although White admits she filed her informal EEO complaint papers more than 45 days after the alleged discriminatory action, she alleges that equitable estoppel should apply to toll the statute of limitations period because "alleged affirmative misconduct" by an agency official misled her about the running of the limitations period.[4] How so?

---

[4] White also offers a related argument. She asserts she filed her informal EEO complaint through her meeting with Cymbor on October 11, 2005. (Pl.'s Opp. at 7–8.) She notes that beginning the EEO process does not require filing the paperwork of an informal complaint, but only that the employee "(1) contact an agency official 'logically connected' with the EEO process . . . and (2) demonstrate an intent to begin the EEO process." *Klugel v. Small*, 519 F. Supp. 2d 66, 71 (D.D.C. 2007). She asserts she demonstrated an intent to begin the process within the 45-day time frame, during her meeting with Cymbor on October 11, 2005.

This argument also fails, however, as White understood during this meeting that the mediation process was separate and distinct from the EEO process. As White herself explained in her opposition, "[a]ccording to [White's] notes of the conversation, which she prepared the same day, Ms. Cymbor advised her that she had two choices: file and informal EEO complaint within 45 days, or participate in the Defendant's ADR program." (Pl.'s Opp. at 3.) Indeed, she goes on to explain that she understood she was choosing between the mediation and filing an informal EEO complaint. (*Id.*) By her own admissions and arguments, White makes it clear she knew the mediation process and the EEO process were different and she knew she was electing to pursue mediation rather than the EEO process. Therefore, the uncontroverted evidence does not support White's assertion that she intended to begin the EEO process during her meeting with Cymbor.

4

Equitable estoppel—not surprisingly—is a "high" "hurdle" to clear. *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 579–80 (D.C. Cir. 1998). Indeed, only in "extraordinary and carefully circumscribed instances" will the Court exercise its equitable power to toll the statute of limitations. *Id.* (internal quotation omitted). To successfully do so, "a plaintiff must come forward with specific proof of an employer's affirmative acts or misleading statements that prevented her from filing an EEO complaint." *Klugel v. Small,* 519 F. Supp. 2d 66, 73 (D.D.C. 2007); *see also Bowden,* 106 F.3d at 438 (noting the court has "excused parties who were misled about the running of a limitations period, whether by an adversary's actions, by a government official's advice upon which they reasonably relied, or by inaccurate or ineffective notice from a government agency required to provide notice of the limitations period" (internal citations omitted); *Jarrell v. U.S. Postal Serv.,* 753 F.2d 1088, 1091 (D.C. Cir. 1984) (noting equitable considerations, such as the employee's reliance on assurance of an EEO officer that the officer was remedying the adverse employment action, may excuse non-compliance with the filing requirement). White has not done so here!

To the contrary, the evidence does not establish White was misled about the running of the statute of limitations. White has offered evidence sufficient to establish only that Cymbor told her pursuing mediation does not foreclose a later EEO action. Even assuming this, as the Court must,[5] White has failed to provide any evidence to

---

[5] As the agency moves to dismiss for failure to exhaust, the Court construes the complaint in the light most favorable to White and accepts all the complaint's factual allegations as true.

establish her general assertion that Cymbor told her she could *file* an EEO complaint outside the 45-day filing period. In light of the fact that the agency explicitly informed White of the deadline in two separate documents, White needed to provide some evidence that Cymbor contradicted the documents by telling her she could pursue an EEO complaint regardless of whether she filed it within the 45-day filing period. *See Hewitt v. Rice*, 560 F. Supp. 2d 61, 65 (D.D.C. 2008) (declining to apply equitable tolling when the plaintiff alleged his employer gave him 'misinformation,' because the evidence did not bear this out). The plaintiff having failed to do so, the Court cannot now find the agency misled her about the running of the limitations period, and equitable estoppel does not apply.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the agency's motion for partial dismissal. An order consistent with this Memorandum Opinion is attached hereto.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

---

*Martinez v. United States*, 587 F. Supp. 2d 245, 247 (D.D.C. 2008).